RUSSELL versus CLARK.

In an action against an officer for levying an execution against a judgment debtor, upon property claimed by the plaintiff, the officer cannot give in evidence the declarations of the debtor not made in the presence of the plaintiff.

Nor in such action can the declarations of a third person, while in possession of the property in controversy, as to his own acts and the intentions of the debtor in regard to the property, be given in evidence, unless uttered in the presence of the plaintiff, or made known to him.

ON EXCEPTIONS from Nisi Prius, APPLETON, J., presiding.

TRESPASS.

The case will readily be understood from the opinion.

Harvey was excepting counsel.

TENNEY, J. — This action to recover damages for the alleged taking of a horse, wagon and harness, was brought against the defendant as constable of the town of Weston, who attached the property on a writ in favor of Elijah Gove v. John P. Decker. The defence is upon the ground, that Decker bought the property of the plaintiff a short time before the purchase of the writ on which the attachment was made. And the question before the jury, was whether Decker had become the owner of the property or not. Exceptions are taken to the exclusion of testimony offered by the defendant.

Henry Russell, a brother of the plaintiff, and Decker, came with the horse and wagon in dispute to the house of one Scribner, situated about three miles from Jackson Brook, and Russell took the horse and wagon and went to Jackson Brook, Decker remaining four or five hours at Scribner's house, and while there he told Scribner that he was started and was on his way to California. This evidence being objected to was excluded. It appeared that Henry Russell came to Jackson Brook with the horse and wagon, and the defendant offered to prove, that while there he stated that he and Decker were started for California, and that Decker was going to Penobscot river to sell his horse and wagon,

and then they were going to California. It appeared that the plaintiff had been at the place where the last statement offered to be proved was made. And that he knew that the horse in question was there, but it is not shown that Decker was there at all, or that the plaintiff was there when the statement was made, or that it was known to him.

The plaintiff, having once owned the property, is entitled to recover, unless it was proved that Decker had acquired title thereto at the time of the attachment. Assuming that the statements respectively made by Decker and Henry Russell were so connected with their journeys then in progress, as to become a part of the *res gestæ*, a question upon which we give no opinion, was the evidence admissible? Neither the acts nor the declarations of Decker, done and made when the plaintiff was not present, could in the least affect him. The declaration of Henry Russell, if Decker was present and assenting thereto, would be equally incompetent. But being made when Decker was not present, they cannot be evidence even, that Decker had started with the intention of going to California, or that he was going to Penobscot river, to sell his horse and wagon before they should go to that place. And being said in the absence of the plaintiff, the evidence was properly excluded. *Exceptions overruled.*

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.